**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| BOBBY DENNISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-CV-45 RLW |
| ) | |
| STATE OF MISSOURI DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Bobby Dennison, an inmate at the Farmington Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $39.18. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $195.92, and an average monthly balance of $170.63. The Court will therefore assess an initial partial filing fee of $39.18, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff did not file the complaint on a Court-provided form, as required, and important information was omitted. *See* E.D.Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). The complaint does not identify the type of action plaintiff intends to bring, nor does it contain a caption or title or other section in which the defendants are clearly identified. However, plaintiff did file a Civil Cover Sheet with the complaint. On the Civil Cover Sheet, plaintiff identifies the defendants as the Missouri Department of Corrections ("MDOC"), and Dean Boulware. In the complaint, plaintiff avers that Boulware is a maintenance supervisor employed by the MDOC. Plaintiff does not specify the capacity in which he sues Boulware.[1]

---

[1] The Court therefore interprets the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

On the Civil Cover Sheet, plaintiff placed a check mark to indicate the basis of this Court's jurisdiction as "U.S. Government Defendant." (ECF No. 1-2). Plaintiff can be understood to identify himself and at least one of the defendants as Missouri residents.[2] He identifies the nature of suit as arising in tort; specifically, personal injury involving a motor vehicle. He describes the cause of action as "Hit and Run by Mo. D.O.C. employee while incarcerated." *Id.* In the complaint, plaintiff alleges as follows.

On August 1, 2019, while plaintiff was housed at the Northeast Correctional Center, he was standing outside with other inmates. People began yelling "look out," and plaintiff was then "struck in the calf area of [his] leg by the lead Maintenance Supervisor Dean Boulware who was recklessly weaving through inmates on a six wheeled ATV (Gator)." (ECF No. 1 at 2-3). Boulware stopped the vehicle and said, "oh you're okay," and drove away. *Id.* at 3. Plaintiff reported the incident to a corrections officer and was taken to the medical department. Upon arrival, plaintiff's foot and ankle were bruised and swollen. He was provided medical treatment, and was given crutches to use for approximately two weeks.

Plaintiff now has persistent ankle problems and has developed hip pain. He seeks $100,000[3] "from the State of Missouri D.O.C. as well as the individual that ran me over" to compensate him for "pain and suffering as well as for the State of Missouri D.O.C. Negligence because this employee failed to notify anyone of this incident." *Id.* at 6.

---

[2] Plaintiff identifies his Missouri county of residence as St. Francis, and he identifies the Missouri county of residence of the MDOC and/or Boulware as Pike.

[3] Plaintiff set forth the amount of damages on the Civil Cover Sheet.

4

**Discussion**

Plaintiff avers this Court has jurisdiction over this action because it involves a U.S. Government defendant. However, plaintiff does not identify any such defendant. Instead, he identifies the defendants as the MDOC, which is a Missouri State agency,[4] and a MDOC employee in his official capacity. Thus, plaintiff cannot establish jurisdiction on the basis of 28 U.S.C. § 1346. Plaintiff makes no attempt to establish federal subject-matter jurisdiction on the basis of diversity of citizenship, and in fact indicates he shares citizenship with at least one of the defendants. As a result, there is no basis for this Court's jurisdiction under 28 U.S.C. § 1332.

It is unclear whether plaintiff intends to invoke this Court's federal question jurisdiction by bringing claims pursuant to 42 U.S.C. § 1983. Recognizing the duty to liberally construe complaints filed by self-represented persons, the Court has considered whether the complaint states a viable claim under § 1983, and concludes it does not. Briefly, the MDOC is an entity of the State of Missouri, and as such is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The MDOC is also insulated by Eleventh Amendment immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Boulware, a MDOC employee sued for damages in his official capacity, is also not a "person" for purposes of a § 1983 suit because he assumes the identity of the government that employs him. *See Hafer v. Melo,* 502 U.S. 21, 27 (1991) (citing *Will*, 491 U.S. at 71). Finally, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Will,* 491 U.S. 58).

The Court has considered whether the complaint states a plausible individual-capacity § 1983 claim against Boulware, and concludes it does not. The complaint fails to state a plausible

---

[4]*See Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as a state agency).

Eighth Amendment excessive force claim against Boulware because it pleads no facts that would demonstrate Boulware used force maliciously and sadistically to cause harm. *See Hudson v. McMillian,* 503 U.S. 1 (1992), *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The complaint fails to state a plausible Eighth Amendment inadequate medical care claim because it pleads no facts that would demonstrate Boulware, or any person who could be identified as a defendant, actually knew of and yet deliberately disregarded a serious medical need. *See East v. Minnehaha County*, 986 F.3d 816, 820 (8th Cir. 2021). The complaint does not identify, nor can the Court discern, any other potential § 1983 claims.

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint. Plaintiff must type or neatly print the amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Because it is unclear what type of action plaintiff intends to bring, the Court will provide him with a form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, and a Civil Complaint form.

In the "Caption" section of the complaint form, plaintiff should write the name of the persons he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must specify whether he sues the defendant in an individual capacity, official capacity, or both.

6

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each one should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise from the same transaction or occurrence; in other words, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that, by **November 4, 2021**, plaintiff must pay an initial filing fee of $39.18.  Plaintiff is instructed to make his remittance payable to "Clerk, United States

District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, and a copy of the form Civil Complaint.

**IT IS FURTHER ORDERED** that, by **November 4, 2021**, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of October, 2021.