UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BOBBY DENNISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-CV-45-RLW |
| | ) |
| STATE OF MISSOURI DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Bobby Dennison, a prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons explained below, the Court will dismiss this action at this time, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

The background of this case is fully set forth in the prior orders of this Court, but the Court reiterates the essential facts here. Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and Dean Boulware, a Maintenance Supervisor employed by the MDOC.[1] Plaintiff sought monetary relief to compensate him for personal injury that occurred on August 1, 2019 while he was housed at the Northeast Correctional Center ("NECC"). He alleged he was standing outside when Boulware, who was recklessly operating a six-wheeled Gator utility vehicle, struck him in his calf. He

---

[1] Because plaintiff failed to specify the capacity in which he sued Boulware, the Court interpreted the complaint as including only official capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

alleged Boulware stopped and noted plaintiff was okay, but then drove away. Plaintiff sought and received medical treatment, and used crutches for two weeks.

Upon initial review, the Court determined, among other things, that to the extent plaintiff sought to assert claims under 42 U.S.C. § 1983, the complaint was subject to dismissal. The Court explained that the Eleventh Amendment barred plaintiff's claims against the MDOC and his official capacity claims against Boulware, and also determined that the complaint contained no facts that would state a cognizable § 1983 claim premised upon excessive force or inadequate medical care. The Court did not dismiss the action at that time, and instead gave plaintiff the opportunity to file an amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews in accordance with 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at

678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Boulware and Deputy Division Director Ryan Crews. Plaintiff also names three other defendants, and identifies them using fictional names and badge numbers. Plaintiff sometimes uses different fictional names to refer to a particular defendant. The additional defendants are: Acting Assistant Warden Unknown #32817; Diane Unknown/Jane Doe 2 Functional Unit Manager #39013; and CCH Unknown/Jane Doe #1 Case Manager #130652. Plaintiff clearly identifies all of the defendants as MDOC employees, and he sues them in their individual and official capacities. His claims

3

concern the same incident involving Boulware as described in the original complaint. He alleges as follows.[2]

On August 1, 2019, plaintiff was standing with his cell mate and other inmates in a side yard in front of a building at NECC. People began yelling "look out, look out," plaintiff's cell mate "made a grab for" him, and plaintiff was "struck in the calf area of [his] leg by the lead Maintenance Supervisor Dean Boulware who was driving recklessly weaving through inmates on a 6 wheeled U.T.V. (gator)." (ECF No. 13-1 at 1). Boulware put the utility vehicle in park, said to plaintiff, "oh your ok [*sic*]," and drove away. *Id.* Plaintiff makes no attempt to allege that Boulware intentionally struck him. Plaintiff does not allege he told Boulware he was hurt, nor does he allege that there were any obvious signs that he needed medical treatment at that time. Plaintiff later notified a corrections officer and was taken to the medical department. He received medical treatment.

Plaintiff claims Boulware "ran me over and left the scene, he did not report the accident nor did he see if I needed medical attention." *Id.* Plaintiff alleges he suffered a "spra[in]ed ankle with possible broken vessels in the ankle, a bruised and swollen calf, a bruised and swollen foot, and constant hip pain." (ECF No. 13 at 4). Plaintiff grieved the matter using the prison's grievance procedure, but was not granted relief. During the grievance process, defendant CCH Unknown/Jane Doe #1 Case Manager #130652 tried to blame plaintiff for the accident by stating he intentionally backed into the vehicle's path. Plaintiff protests that he was not at fault in the accident.

Plaintiff identifies his injuries as pain in his right ankle, foot, and hip, and broken blood vessels in his right ankle. He claims "they" gave him certain medical treatment, but "constantly"

---

[2] Plaintiff set forth some of the factual allegations in support of his claims on separate pages that included his date of birth and Social Security Number. Those pages were therefore filed under seal.

denied his x-ray requests "an[d] all other medical treatment" and threatened to put him in administrative segregation if he "continued to request treatment." *Id.* at 5. Plaintiff provides a handwritten note documenting that he was seen in the medical department on the day of the accident, and had a bruised foot and a sprained ankle. This note further indicates that on August 2, plaintiff went to sick call, but was told he was not supposed to be there because the accident had just happened. Plaintiff does not allege that he told anyone he was in pain or needed treatment on that date. Plaintiff also attaches copies of grievance materials he filed.

Plaintiff writes: "At the very least I am seeking to be compensated for my pain and suffering as well for the State of Missouri D.O.C. Negligence because this employee failed to notify anyone of this incident." (ECF No. 13-1 at 2). He seeks monetary relief.

## Discussion

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 to seek damages from the defendants, all of whom are alleged to be MDOC employees. To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses plaintiff's official-capacity claims against the defendants. A suit against a public official in his or her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, the defendants are employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official

capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, plaintiff's official capacity claims are subject to dismissal.

The Court now turns to plaintiff's individual capacity claims, and first addresses his claims against Boulware. Plaintiff seeks damages from Boulware for running into his leg while driving a utility vehicle in a negligent and/or reckless manner, and driving away without notifying anyone. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

In this case, the amended complaint, like the original, contains no allegations that would permit the inference that Boulware deliberately inflicted harm, or even that his actions could be considered reckless in the criminal law sense. Instead, plaintiff's allegations establish, at most, that Boulware was negligent and that the August 1, 2019 incident was an accident. The Court concludes that plaintiff's allegations of negligently or accidentally inflicted harm do not state a claim of constitutional dimension. *See id.*; *see also Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (mere negligence is insufficient to establish liability under § 1983).

6

Additionally, while plaintiff alleges Boulware drove away after the accident, he alleges nothing permitting the inference that Boulware actually knew of, and yet deliberately disregarded, a serious medical need, as would state an Eighth Amendment claim premised upon inadequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The Court therefore concludes that the amended complaint fails to state a claim upon which relief may be granted against Boulware in his individual capacity.

The Court now addresses plaintiff's individual capacity claims against defendant CCH Unknown/Jane Doe #1 Case Manager #130652. Plaintiff alleges this defendant is liable to him because, during the prison grievance process, she made statements evidencing an intent to blame him for the accident. Plaintiff also appears to blame this defendant for the denial of his grievance or grievances.

To the extent plaintiff can be understood to seek relief against CCH Unknown/Jane Doe #1 Case Manager #130652 for lying or for making rude or insulting statements, such allegations do not state a claim of constitutional dimension. *See  Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). To the extent plaintiff claims this defendant is liable to him for causing his prison grievance(s) to be denied, he also fails to state a claim of constitutional dimension. There is no federally-protected right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations of the prison grievance procedures or the denial of relief sought through the grievance mechanism will not give rise to a § 1983 claim.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim").

Next, plaintiff alleges "they" gave him medical treatment, but "constantly" denied his x-ray requests "an[d] all other medical treatment," and threatened to put him in administrative segregation if he "continued to request treatment." (ECF No. 13 at 5). Plaintiff also appears to indicate he did not receive an examination when he went to sick call on August 2, but he does not allege he requested treatment, or even that he needed treatment on that date.

Having liberally construed plaintiff's statements, the Court concludes they cannot be construed to establish that any defendant, or anyone who could be identified as a defendant, violated plaintiff's constitutional rights. Plaintiff's allegations are wholly conclusory, and as such are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Additionally, plaintiff has failed to allege facts that would demonstrate any defendant was personally involved in, or directly responsible for, violating his federally-protected rights, as necessary to state a cognizable § 1983 claim. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). This Court previously instructed plaintiff of the importance of alleging facts in support of his claims, and will not now assume facts he has not alleged. *See Stone*, 364 F.3d at 914.

Plaintiff has also named Ryan Crews, Acting Assistant Warden Unknown #32817, and Diane Unknown/Jane Doe 2 Functional Unit Manager #39013 as defendants in this action. In setting forth his claims for relief, plaintiff does not specifically allege that these persons were personally involved in, or directly responsible for, any alleged constitutional violations. Plaintiff therefore fails to state a claim upon which relief may be granted against these defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for

8

his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). To the extent plaintiff can be understood to assert claims against these defendants premised upon their involvement in processing or denying his grievance(s), plaintiff fails to state a claim of constitutional dimension for the reasons discussed above.

For all of the foregoing reasons, the Court concludes this action is subject to dismissal. This is not a situation in which plaintiff should be permitted to file a second amended complaint. It is clear that the claims plaintiff intends to assert are simply not claims of constitutional dimension. Additionally, plaintiff did not follow all of the Court's instructions when previously given the chance to amend. The Court will therefore dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of February, 2022.