# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| BOBBY DENNISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-CV-45 RLW |
| ) | |
| STATE OF MISSOURI DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on a post-judgment motion filed by plaintiff Bobby Dennison. (ECF No. 18.) In the motion, plaintiff asks this Court to relieve him from the February 25, 2022 dismissal of this action without prejudice. The motion will be denied.

### Background

The background of this case is fully set forth in this Court's prior orders, and will not be repeated here. The Court notes the following, however. Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and Dean Boulware, an MDOC Maintenance Supervisor. His claims stemmed from an August 1, 2019 occurrence, in which Boulware struck plaintiff's calf while operating a "Gator" ATV in an allegedly negligent manner. Upon initial review, the Court determined the complaint failed to state claims of constitutional dimension, but gave plaintiff the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff filed an amended complaint but it contained essentially the same deficiencies as the original. On February 25, 2022, the Court dismissed this action without prejudice.

In the instant motion, filed on May 16, 2022, plaintiff asks this Court to set aside the dismissal. In support, he states Boulware violated his federally protected rights and other defendants covered it up, and he should be allowed to present camera footage to prove it. He also states he does not understand the law. Provided with the motion are copies of 2019 prison grievance documents generated when plaintiff grieved the August 1, 2019 incident via the prison's grievance system. Plaintiff previously provided these same documents as attachments to the amended complaint. Plaintiff also attached a copy of this Court's February 25, 2022 Order of Dismissal.

## Discussion

Plaintiff did not specify a procedural basis for the motion, but it can be considered the functional equivalent of a motion under either Rule 59(e) (motion to alter or amend the judgment) or 60(b) (relief from judgment for mistake or other reason).  Fed. R. Civ. P. 59(e), 60(b).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, fraud, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of

exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted). It is not intended to be a vehicle for seeking reconsideration of arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Court has carefully considered the motion and finds no grounds for granting relief under either Rule 59(e) or 60(b). To the extent the motion is treated as a motion filed pursuant to Rule 59(e), it is denied because it was filed more than twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). The motion fails to point to any manifest errors of law or fact or any newly discovered evidence, and it identifies no mistake, inadvertence, surprise, fraud, or excusable neglect that would justify reconsideration of the Court's judgment. There are no exceptional circumstances here warranting extraordinary relief. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Bobby Dennison's motion seeking reconsideration of the dismissal of this action (ECF No. 18) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2022.